# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ORTIZ,<br><br>　　　　　　　Movant-Defendant,<br>　v.<br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Respondent-Plaintiff. | CIV. CASE NO.　09cv2253<br>CRIM. CASE NO. 09cr469<br><br>**ORDER DENYING § 2255 MOTION** |

Defendant has filed a § 2255 motion to vacate, set aside, or correct sentence. For the reasons discussed below, Defendant's motion is **DENIED**.

## I. BACKGROUND

In an Information filed on February 12, 2009, Defendant was charged with violating 8 U.S.C. § 1326. Defendant waived indictment. On that same day, Defendant entered a plea of guilty pursuant to a Plea Agreement. The guilty plea was subsequently accepted by the Court. At a sentencing hearing on March 20, 2009, the Court sentenced Defendant to a term of imprisonment of 38 months and 3 years of supervised release.

///
///
///

## II. DISCUSSION

In his § 2255 motion, Defendant argues (1) he was denied effective assistance of counsel because his attorney failed to object at sentencing to the imposition of a sentence greater than the 24 months that the Government allegedly promised him based on fast-track, failed to object to Defendant not being sentenced at the lower end of the Guidelines, failed to argue that Defendant was actually a United States citizen pursuant to 8 U.S.C. § 1431, and failed to file a timely notice of appeal; (2) the Government breached the Plea Agreement by arguing for a sentence greater than 24 months; and (3) Defendant is a United States citizen under 8 U.S.C. § 1431 and, therefore, cannot be guilty of violating 8 U.S.C. § 1326.

Pursuant to the terms of the Plea Agreement, Defendant agreed that in exchange for the Government's concessions in the Agreement, Defendant waived any right to appeal or to collaterally attack the guilty plea, conviction, and sentence. A waiver of appeal and/or collateral attack of a conviction is enforceable if voluntarily made. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994). However, if ineffective assistance of counsel renders the plea agreement containing the waiver involuntary, the defendant may appeal or collaterally attack his sentence. See Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that "a plea agreement that waives the right to file a federal habeas petition under 28 U.S.C. § 2254 is unenforceable with respect to an IAC claim that challenges the voluntariness of the waiver"). See also Pruitt, 32 F.3d at 433 (expressing "doubt" that such a waiver could be enforceable in a § 2255 context).

Construing Defendant's § 2255 motion liberally, Defendant contends that his plea agreement was involuntary because his attorney did not inform him that he was a United States citizen under 8 U.S.C. § 1431 and, therefore, could not be guilty of violating 8 U.S.C. § 1326. The Child Citizenship Act of 2000 ("CCA"), Pub. Law 106-395, 114 Stat. 1631 (Oct. 30, 2000), revised the law concerning how children born outside the United States acquire United States citizenship. As amended by the CCA, 8 U.S.C. § 1431(a) provides:

> A child born outside of the United States automatically becomes a citizen of the United States when all of the following conditions have been fulfilled:
>
> (1) At least one parent of the child is a citizen of the United

    States, whether by birth or naturalization.

    (2) The child is under the age of eighteen years.

    (3) The child is residing in the United States in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence.

Defendant argues that he met the above criteria because his mother became a United States Citizen in 1987, and he was brought to the United States by his mother when he was 11 years old. However, the effective date of the CCA was February 27, 2001. <u>Hughes v. Ashcroft</u>, 255 F.3d 752, 759 (9th Cir. 2001). Automatic citizenship is granted only to those children **who were under the age of 18, and who met the other criteria, on February 27, 2001**. <u>Id.</u> at 760. Defendant's sentencing memorandum filed on February 25, 2009, states that Defendant is 33 years old. Accordingly, Defendant was not under the age of 18 on February 27, 2001 and would not be a United States citizen under the statute. Therefore, the Court rejects Defendant's contention that his guilty plea was involuntary because his attorney failed to raise the issue of his United States citizenship under the CCA.

  Another ground for not enforcing a plea agreement against a party is breach of the agreement by the other party. Defendant claims that the terms of the Plea Agreement were breached by the Government because the Government had promised him a 24-month sentence. However, Defendant's contention is belied by the Plea Agreement itself in addition to Defendant's actions at the sentencing hearing. The Plea Agreement informed Defendant that the Sentencing Guidelines are advisory and that the Court "may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction." (Plea Agreement, ¶ 5.) The Plea Agreement stated that the parties agreed that Defendant's Total Offense Level was 20 and that the Government believed Defendant's Criminal History Category was III. (Plea Agreement, ¶¶ 6-8.) Both parties agreed **that they would not recommend any upward or downward adjustments or departures, and would jointly recommend that the sentence should be to the low end of the guideline range followed by three years' supervised release**. (Plea Agreement, ¶¶ 6, 9.) The Plea Agreement made it clear that the sentence was within

1  the sole discretion of the sentencing judge and that the Government made no promises as
2  to the sentence Defendant would receive:

> **The Government has not made and will not make any representation as to what sentence defendant will receive**. Defendant understands that the sentencing judge may impose the maximum sentence provided by statute, and is also aware that **any estimate of the probable sentence by defense counsel is a prediction, not a promise**, and is not binding on the Court. Likewise, the recommendation made by the Government is not binding on the Court, and defendant's actual sentence remains uncertain at this time.

7  (Plea Agreement, ¶ 10) (emphasis added).

8  　　　Furthermore, in signing the Plea Agreement, Defendant agreed, "No one has made
9  any promise or offered any rewards in return for this guilty plea, other than those contained
10 in this agreement."  (Plea Agreement, ¶ 2.)   The Plea Agreement provided: "This plea
11 agreement embodies the entire agreement between the parties and supersedes any other
12 agreement, written or oral."  (Plea Agreement ¶ 14.)

13 　　　Pursuant to the Plea Agreement, both the Government and defense counsel
14 recommended a sentence of 41 months, the low-end of the Guideline range, which was 41-
15 51 months.  At the sentencing hearing, defense counsel explained to the Court that he was
16 bound by the Plea Agreement and could not argue for a sentence lower than 41 months.
17 Subsequently, the Court asked Defendant whether he wised to say anything prior to
18 sentencing.  Defendant apologized for his actions and asked for another chance to go back
19 to his normal life, but did not claim that he was promised a 24-month sentence by the
20 Government or anyone else.  He did not object that the recommended sentence was higher
21 than he expected, nor did he ask to rescind his guilty plea

22 　　　Ultimately, the Court imposed a 38-month sentence.  The Court determined that a 38-
23 month sentence was more appropriate in light of Defendant's waiver of rights under fast track
24 and the substantial time and effort that the Government saved as a result.  Accordingly,
25 Defendant received **a more generous sentence** than the 41 months called for by the Plea
26 Agreement.

27 　　　The Plea Agreement precludes any argument that Defendant was promised a 24-
28 month sentence, and such a claim is simply not believable given Defendant's serious criminal

history, which included an assault on a person with a semiautomatic firearm. The Government did not breach the Plea Agreement, and Defendant is bound by the Agreement's terms.

Under the terms of the Plea Agreement, Defendant is barred from collaterally attacking or appealing his sentence. Therefore, Defendant is precluded from raising the claims asserted in his § 2255 motion.

At any rate, Defendant's claims fail on the merits. As discussed above, Defendant's counsel was not ineffective for failing to argue for a 24-month sentence because he was bound by the Plea Agreement. In addition, Defendant's counsel was not ineffective for failing to argue that Defendant was a United States citizen under the CCA because Defendant did not meet the criteria of § 1431(a) on February 27, 2001. Furthermore, Defendant's counsel was not ineffective for failing to file a timely notice of appeal because Defendant waived his right to appeal under the Plea Agreement, and there was no legitimate basis for relief on appeal. As for Defendant's remaining claims, the Government did not breach the plea agreement, and Defendant is not a United States Citizen under 8 U.S.C. § 1431.

### III. CONCLUSION

For the reasons discussed above, Defendant's § 2255 motion is **DENIED**. The Court also **DENIES** a Certificate of Appealability.

**IT IS SO ORDERED.**

DATED: November 20, 2009

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge